UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIMMI CABALLERO GONZALEZ,

Petitioner,

v. Case No.: 2:26-cv-02633-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are Gimmi Caballero Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Caballero Gonzalez is a native and citizen of Cuba who applied for admission into the United States at a port of entry on December 23, 2023. The Department of Homeland Security commenced removal proceedings with a notice to appear and paroled Caballero Gonzalez into the country. On March 16, 2025, Caballero Gonzalez was arrested for theft of property in Texas. He failed to appear for a hearing, and the charge is still pending. On July 28, 2026, the Florida Highway Patrol arrested Caballero Gonzalez during a traffic stop and handed him over to Immigration and Customs Enforcement (ICE). He is now detained at Glades County Detention Center.

Caballero Gonzalez argues his detention violates the Due Process Clause of the Fifth Amendment. In response, the government certifies it is detaining Caballero Gonzalez under § 1226(c), which requires the Attorney General to detain some criminal noncitizens, including noncitizens arrested for theft crimes. Caballero Gonzalez was arrested for theft of property. He is thus subject to mandatory detention under § 1226(c).

That is not the end of the inquiry. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c). "While *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed." *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016). Caballero Gonzalez has been in immigration detention for just over two months, and his removal proceeding is moving forward. Thus, the Court finds his detention does not yet raise due process concerns. If Caballero Gonzalez's detention becomes unreasonably prolonged, he may file a new habeas petition.

Accordingly, it is hereby

**ORDERED**:

Gimmi Caballero Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record